IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NALAYSIA GRAVELY,

          Plaintiff,

v.                                CIVIL ACTION NO.   2:25-cv-00255

JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, *etc. individuals employed
as U.S. Marshals, in their individual capacities*,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 17, 2025, the Plaintiff, proceeding pro se, filed an *Application to Proceed Without Prepayment of Fees and Costs* (Document 1) and a *Complaint for Violation of Civil Rights (Bivens Action) Jury Trial Demanded* (Document 2).  By *Administrative Order* (Document 3) entered on April 19, 2025, the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

By *Order* (Document 7) entered on May 7, 2025, the Magistrate Judge ordered the Plaintiff to amend her complaint by May 27, 2025, to name individual defendants, to specifically set forth her constitutional claims, and to state specific facts as to how each defendant violated her constitution rights.  The Plaintiff was advised that failure to comply would result in a recommendation of dismissal of the matter without prejudice.

On May 27, 2025, the Plaintiff filed an *Amended Complaint for Violation of Constitutional Rights (Bivens Action)* (Document 8). However, by *Order* (Document 9) entered on May 29, 2025, the Magistrate Judge noted that the Plaintiff had only provided unnamed "John Does 1, John Doe 2, John Doe 3, etc." as defendants. The Magistrate Judge ordered the Plaintiff to amend her complaint by June 27, 2025, to name individual defendants, to specifically set forth her constitutional claims, and to state specific facts as to how each defendant violated her constitution rights. The Plaintiff was again advised that failure to comply would result in a recommendation of dismissal of the matter without prejudice.

The Plaintiff did not file a second amended complaint by June 27, 2025, or otherwise respond to the Magistrate Judge's *Order* of May 29, 2025. On July 7, 2025, the Magistrate Judge entered an *Order* (Document 10) setting forth the relevant background of the case and containing his *Proposal and Recommendation*. Therein, the Magistrate Judge recommends that this Court deny the Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* (Document 1) and dismiss this action from the Court's docket without prejudice.

Objections to the Magistrate Judge's *Proposal and Recommendation* as contained in his July 7, 2025 *Order* were due by July 24, 2025, but none were filed. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in his July 7, 2025 *Order* (Document 10). Further, the Court **ORDERS** that the Plaintiff's *Application to Proceed Without Prepayment of Fees and Costs* (Document 1) be **DENIED** and that this action be **DISMISSED without prejudice** and **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER:   July 29, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA